TRINETTE G. KENT (State Bar No. 222020)
Lemberg Law, LLC
1100 West Town & Country Road
Suite 1250
Orange, California 92868
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Jonathan Garza, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>Brinker International Inc. d/b/a Chili's,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

For this Class Action Complaint, Plaintiff, Jonathan Garza, by undersigned counsel, states as follows:

**INTRODUCTION**

1. Plaintiff, Jonathan Garza ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Defendant, Brinker International Inc. d/b/a Chili's ("Defendant" or "Chili's"). Defendant placed repeated telemarketing text messages to Plaintiff's telephone – over Plaintiff's repeated requests for Defendant to stop – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), thereby invading Plaintiff's privacy.

2. Defendant operates the Chili's national restaurant chain with thousands of locations across the United States. To encourage people to visit its restaurant locations and website and take advantage of various promotions, Chili's operates an aggressive telemarketing campaign where it repeatedly sends text messages to telephone numbers that have been placed on the National Do-Not-Call Registry and over the messaged party's objections.

3. Indeed, Plaintiff's telephone number has been listed on the National Do-Not-Call Registry since June 30, 2003, and Plaintiff has asked Chili's to "Stop" messaging him repeatedly; however, despite Chili's confirming receipt of the "stop" requests, Chili's has ignored the requests and proceeded to place repeated additional telemarketing text messages to Plaintiff months after he asked Chili's to cease.

4. Accordingly, Plaintiff seeks to represent a class of similarly situated persons who have also received unwanted telemarketing text messages from Chili's, and to certify the following class:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the called person previously advised Defendant to "stop" messaging them in any combination of upper and lower case letters.

## JURISDICTION

5. This action arises out of Defendant's repeated violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200. The TCPA provides a private right of action to any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5).

6. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200.

7. The Court has personal jurisdiction over Defendant and venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendant transacts business

CLASS ACTION COMPLAINT

in this District[1] and a substantial portion of the acts giving rise to Plaintiff's claims, including Plaintiff's receipt of Defendant's telemarketing text messages, occurred in this District.

## PARTIES

8. Plaintiff, Jonathan Garza ("Plaintiff"), is an adult individual residing in Los Angeles, California, and is a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant, Brinker International Inc. d/b/a Chili's ("Chili's"), is a Delaware business entity with a principal place of business at 3000 Olympus Boulevard, Coppell, Texas 75019.

## THE NATIONAL DO-NOT-CALL REGISTRY

10. The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Do-Not-Call Registry and provide a private right of action against any entity that initiated more

---

[1] *See* https://www.chilis.com/locations/us/all (listing dozens of California Chili's restaurant locations).

than one such telephone solicitation within any 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

13. In addition, the TCPA and implementing regulations prohibit the initiation of any call for telemarketing purposes to a residential telephone subscriber where the caller does not, *inter alia,* "honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d)(3).

14. Telephone solicitations under 47 C.F.R. § 64.1200(c)(2) include text messages. *See Gulden v. Liberty Home Guard LLC*, 2021 WL 689912, at *4–5 (D. Ariz. Feb. 23, 2021).

## FACTUAL ALLEGATIONS

15. Plaintiff's cellular number, 562-XXX-7788 (the "-7788 Number"), has been registered with the National Do-Not-Call Registry since June 30, 2003.

16. Plaintiff uses his cellular telephone as his residential telephone number.

17. Within the last year, including on May 25, 2023, June 9, 2023, June 13 and June 17, 2023, Defendant sent repeated text messages to Plaintiff's -7788 Number that advertised Defendant's restaurants, provided various promotions, and encouraged Plaintiff to visit Defendant's restaurants and websites. Representative texts are reproduced below:



CLASS ACTION COMPLAINT



18. Chili's messages advised "Reply STOP to cancel."

19. Plaintiff initially texted Chili's "Y" on March 10, 2023, in order to receive a free order of chips while at a Chili's restaurant. Thereafter, having

completed the transaction, Plaintiff notified Chili's on March 31, 2023 and again on May 25, 2023 that he wished to cease further texts by sending 'Stop.'

20. Chili's acknowledged the 'Stop' requests. On both occasions, Chili's responded, "Chili's: You will be unsubscribed from Chili's text alerts and no longer receive messages. Please allow up to 48 hours to process this request."

21. However, in practice Chili's ignored Plaintiff's requests and continued to send him telemarketing text messages as recently as June 17, 2023 to Plaintiff's -7788 Number.

22. Despite Defendant's ability to program its telephone dialing systems to honor "Stop" requests immediately – Defendant itself claimed it would take no more than 48 hours to honor a cease request – Defendant instead deliberately programmed its telephone dialing systems to continue sending telemarketing messages to consumers months after receiving a "Stop" request.

23. By messaging Chili's "Stop" beginning on March 31, 2023, Plaintiff terminated any business relationship with Chili's and revoked any prior express consent Chili's may have had to message Plaintiff.

24. None of Defendant's messages to Plaintiff's cellular telephone were for an emergency purpose.

25. Plaintiff was damaged by Defendant's text messages. In addition to using Plaintiff's residential cellular data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded, and Plaintiff has become understandably aggravated

with having to deal with the frustration of repeated, unwanted text messages, forcing Plaintiff to divert attention away from other activities.

## CLASS ACTION ALLEGATIONS

A. **The Class**

26. Plaintiff brings this case as a class action on behalf of himself and all others similarly situated.

27. Plaintiff represents, and is a member of, the following class (the "Class"):

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the called person previously advised Defendant to "stop" messaging them in any combination of upper case and lower case letters.

28. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the class members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

B. **Numerosity**

29. Upon information and belief, Defendant placed telemarketing messages to telephone numbers registered on the National Do-Not-Call List belonging to thousands of persons throughout the United States where it lacked prior express

9

written consent to place such messages and/or such persons had previously asked Defendant to cease messaging them. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

30. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

## C. Common Questions of Law and Fact

31. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant's messages to members of the Class were placed for telemarketing purposes;

   b. Whether Defendant can meet its burden of showing it obtained prior express written consent to place each telemarketing message;

   c. Whether the messages made to Plaintiff and Class Members violate the Do-Not-Call Registry rules and regulations;

   d. Whether Defendant deliberately programmed its telephone dialing systems to ignore "Stop" requests and continue sending telemarketing messages to telephone numbers that had previously messaged "Stop";

   e. Whether Defendant's conduct was knowing and/or willful;

  f. Whether Defendant is liable for damages, and the amount of such damages; and

  g. Whether Defendant should be enjoined from such conduct in the future.

32. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely placed telemarketing text messages to telephone numbers registered on the National Do-Not-Call Registry, and over requests to stop the messages, is accurate, then Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. <u>Typicality</u>**

33. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. <u>Protecting the Interests of the Class Members</u>**

34. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices, and specifically claims under the TCPA. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

**F. <u>Proceeding Via Class Action is Superior and Advisable</u>**

35. A class action is the superior method for the fair and efficient

adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

### COUNT I
### VIOLATIONS OF THE TCPA
**(47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200(c)(2) & (d)(3))**

36. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

37. Plaintiff brings this claim on behalf of himself and the Class.

38. 47 C.F.R. § 64.1200(c)(2) provides that "No person or entity shall initiate any telephone solicitation to . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

39. 47 C.F.R. § 64.1200(d)(3) provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: . . . Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are

made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made."

40. The TCPA provides a private right of action to "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations . . . ." 47 U.S.C. § 227(c)(5).

41. Defendant initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period even though Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

42. Each of the aforementioned messages by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(c)(2) by Defendant.

43. In addition, Defendant initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

44. Each of the aforementioned messages by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(d)(3) by Defendant.

45. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

46. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

47. Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;

- Defendant initiated more than one telephone solicitation text to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times; and

- Defendant initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

# COUNT II
## Willful Violations of the Telephone Consumer Protection Act,
### (47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200(c)(2) & (d)(3))

48. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

49. Plaintiff brings this claim on behalf of himself and the Class.

50. Defendant is fully aware at all relevant times that the telephone numbers it sends telephone solicitations to are registered on the National Do-Not-Call Registry. Nonetheless, Defendant knowingly and/or willfully initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period even though Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

51. In addition, Defendant deliberately programmed its telemarketing telephone systems to continue sending telemarketing messages to consumers after receiving a "Stop" request. Accordingly, Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

52. Each of the aforementioned messages by Defendant constitutes a

knowing and willful violation of the TCPA.

53. Plaintiff and the Class are entitled to an award of up to $1,500.00 in statutory damages for each message sent in knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C).

54. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

55. Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times;

- Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made; and

- It is Defendant's practice and history to place telephone solicitations and telemarketing messages to persons whose telephone numbers are registered on the National Do-Not-Call Registry and to persons who had previously made a do-not-call request to Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

A. Injunctive relief prohibiting such violation of the TCPA by Defendant in the future;

B. Statutory damages of $500.00 for each and every text message in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B);

C. Treble damages of up to $1,500.00 for each and every text message in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C);

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: June 20, 2023

By: /s/ Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT